1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10  SABRINA TAGLIARINO,

11                    Plaintiff,                    CASE NO. 13-cv-06092 JRC

12          v.                                      ORDER ON PLAINTIFF'S
                                                    COMPLAINT
13  CAROLYN W. COLVIN, Acting
14  Commissioner of the Social Security
    Administration,
15
                      Defendant.
16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20  States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21  12, 15, 16).

22          After considering and reviewing the record, the Court finds that the ALJ did not

23
    commit reversible error in determining plaintiff's severe impairments or in determining
24

plaintiff's residual functional capacity.  As such, the decision of the ALJ should be affirmed.

BACKGROUND

Plaintiff, SABRINA TAGLIARINO, was born in 1967 and was 26 years old on the amended alleged date of disability onset of November 1, 1994 (*see* Tr. 136-42, 143-44). Plaintiff served six years in the military and was discharged on a medical disability (Tr. 173, 191).  She earned her Associates Degree as a medical secretary but stopped looking for work because her "medical problems got in the way of looking for a job" (Tr. 38-39).

According to the ALJ, through the date last insured, plaintiff has at least the severe impairments of "fibromyalgia (20 CFR 404.1520(c))" (Tr. 12).

At the time of the hearing, plaintiff was living in a house with her husband and 20 year-old son (Tr. 29).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration (*see* Tr. 72-74, 80-82). Plaintiff's requested hearing was held before Administrative Law Judge Paul G. Robeck ("the ALJ") on August 28, 2012 (*see* Tr. 24-56). On September 14, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.7-23).  Plaintiff's was last insured for disability insurance benefits on December 31, 2001 (Tr. 10, 147).

1   In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or

2   not the ALJ erred in determining plaintiff's severe impairments; and (2) Whether or not

3   the ALJ erred in his residual functional capacity finding (*see* ECF No. 12, p. 2).

STANDARD OF REVIEW

5   Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

6   denial of social security benefits if the ALJ's findings are based on legal error or not

7   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

8   1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

9   1999)).

DISCUSSION

12   (1)     Whether or not the ALJ erred in determining plaintiff's severe impairments.

13   Plaintiff argues that the ALJ erred in failing to find plaintiff's chronic low back

14   pain and chronic headaches to be severe impairments at step two of the sequential

15   evaluation (ECF No. 12, pp. 6-12).  This Court disagrees.

16   Step-two of the administration's evaluation process requires the ALJ to determine

17   if the claimant "has a medically severe impairment or combination of impairments."

18   *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§

19   404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). The Administrative Law Judge "must

20   consider the combined effect of all of the claimant's impairments on her ability to

21   function, without regard to whether [or not] each alone was sufficiently severe." *Smolen,*

22   *supra*, 80 F.3d at 1290 (citations omitted).  The step-two determination of whether or not

23   a disability is severe is merely a threshold determination, raising potentially only a

1    "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007)

2    (*citing Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).

3         An impairment is "not severe" if it does not "significantly limit" the ability to

4    conduct basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  Basic work

5    activities are "abilities and aptitudes necessary to do most jobs," including, for example,

6    "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

7    capacities for seeing, hearing and speaking; understanding, carrying out, and

8    remembering simple instructions; use of judgment; responding appropriately to

9    supervision, co-workers and usual work situations; and dealing with changes in a routine

10   work setting."  20 C.F.R. § 404.1521(b).  "An impairment or combination of impairments

11   can be found 'not severe' only if the evidence establishes a slight abnormality that has

12   'no more than a minimal effect on an individual[']s ability to work.'"  *Smolen, supra*, 80

13   F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841

14   F.2d 303, 306 (9th Cir. 1988)). The step-two analysis is "a *de minimis* screening device to

15   dispose of groundless claims," when the disability evaluation process ends at step two.

16   *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

17        According to Social Security Ruling 96-3b, "[a] determination that an individual's

18   impairment(s) is not severe requires a careful evaluation of the medical findings that

19   describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-

20   related symptoms), and an informed judgment about the limitations and restrictions the

21   impairments(s) and related symptom(s) impose on the individual's physical and mental

22   ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR

96-7p). If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Yuckert, supra*, 482 U.S. at 146. Regarding the establishment of a disability, it is the claimant's burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may require.'" *Yuckert, supra*, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)) (footnote omitted).

The Court notes that plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c) , 416.905(a), 416.912(a) and (c); *Yuckert, supra*, 482 U.S. at 146; *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Any impairment that does not last continuously for twelve months does not satisfy the requirement. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *Roberts*, *supra*, 66 F.3d at 182.

Plaintiff argues the ALJ erred in failing to find plaintiff's chronic low back pain to be a severe impairment at step two (ECF No. 12, p. 7-10).  This Court disagrees.  While the ALJ did not discuss low back pain at step two, he did discuss plaintiff's pain symptoms in the context of her fibromyalgia later in the decision (Tr. 15-16).  As pointed out by defendant, pain is not a separate impairment, but is a symptom that must be evaluated by the ALJ.  *See* 20 C.F.R. § 404.1529.  Here, the ALJ properly considered

plaintiff's pain symptoms in his decision and found it related to plaintiff's fibromyalgia, which was found to be severe at step two (Tr. 12).

Further, even if the ALJ erred by failing to find plaintiff's low back pain to be a severe impairment separate from her fibromyalgia, plaintiff failed to demonstrate that this error would be harmful.  Plaintiff has the burden of establishing the asserted error resulted in actual harm.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).  The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ considered plaintiff's fibromyalgia and resulting pain symptoms in making his residual functional capacity finding.  Plaintiff failed to show that finding low back pain to be severe at step two would have any effect on the ultimate disability determination.  Thus, even if the ALJ erred, it was harmless.

Plaintiff also argues that the ALJ erred in failing to find plaintiff's temporomandibular joint ("TMJ") impairment and resulting headaches to be severe at step two (ECF No. 12, pp. 10-12). Again, this Court disagrees. Unlike plaintiff's low back pain, the ALJ did discuss this impairment at step two (Tr. 12-13).  The ALJ found the impairment caused only mild and transient symptoms and existed for less than twelve months. (Tr. 13).  The ALJ also noted the condition was well controlled with treatment and that plaintiff was able to work despite these symptoms.  *Id.*

Plaintiff first argues that the ALJ erred because he did not directly cite to the record when stating his reasons for finding the impairment not severe at step two. However, the ALJ provided an extensive summary of the medical records related to plaintiff's headaches immediately preceding his reasons for finding the impairment not severe (Tr. 12-13).  The ALJ noted in this summary that plaintiff's headaches started when she was still working (Tr. 13 (*citing* Tr. 494-98)).  The ALJ also cited to medical records showing improvement with medication.  *Id.*  Further, the ALJ's summary demonstrates the limited treatment plaintiff had for this impairment prior to her date last insured, supporting his finding that the impairment did not exist for the required twelve month time period (Tr. 12-13).  While plaintiff may disagree with the ALJ's interpretation of the medical record, it is not the job of the court to reweigh the evidence. If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan, supra,*

1  169 F.3d at 599, 601).   Here, the ALJ found plaintiff's headaches non-severe and his

2  finding was supported by substantial evidence.  Thus, the ALJ did not commit error.

3        Further, similar to plaintiff's low back pain, plaintiff has failed to show that the

4  ALJ's failure to find headaches to be severe would have any effect on the ultimate

5  disability determination.  Thus, any potential error would be harmless.  *See Molina,* 674

6  F.3d at 1115.

7        (2)     Whether or not the ALJ erred in his residual functional capacity finding.

8        Plaintiff argues the ALJ erred in his residual functional capacity ("RFC") finding

9  for three reasons (ECF No. 12, pp. 12-18).  First, plaintiff argues the ALJ's errors at step

10 two resulted in an incomplete RFC finding.  Plaintiff also argues the ALJ's RFC finding

11 is flawed because the ALJ erred in evaluating plaintiff's testimony and the lay witness

12 testimony from plaintiff's husband.  This Court disagrees.

13

14        A.  Step Two

15       Plaintiff first argues that the ALJ's RFC finding is erroneous because it does not

16 include limitations from plaintiff's low back pain and headaches (ECF No. 12, p. 11).  As

17 discussed previously, the ALJ did not err at step two and plaintiff has not shown that

18 additional limitations were indicated by these non-severe impairments (*See supra*,

19 Section 1).  Therefore, because plaintiff's argument depends on a finding of error at step

20 two, it is without merit.

21

22        B.  Plaintiff's testimony

23       Plaintiff also argues that the ALJ's RFC finding is erroneous because the ALJ

24 improperly evaluated plaintiff's testimony (ECF No. 12, pp. 13-16). If the medical

evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

It does not appear from the record that the ALJ gave any reason to discredit plaintiff's testimony; therefore, it is assumed the ALJ gave weight to plaintiff's testimony (Tr. 14-15).  The ALJ summarized plaintiff's testimony in his decision. *Id.* Plaintiff argues that plaintiff's statements showed that she wanted to work after she received her degree, not that she could have worked, as was stated by the ALJ (ECF No. 12, pp. 14-15).  Plaintiff's testimony was somewhat equivocal; however she did state that she thought she was capable of working while she was attending school (Tr. 40).  While plaintiff asserts that this summary was not a fair interpretation of plaintiff's testimony at

1    the hearing, the ALJ's interpretation of plaintiff's statements is equally rational, and must

2    be upheld. *See Thomas v. Barnhart*, 278 F.3d at 954.

3         Further, plaintiff failed to explain why this error would be harmful (ECF No. 12,

4    pp. 14-16).  The ALJ appears to have credited plaintiff's testimony and plaintiff has not

5    shown that any of the testimony was not properly incorporated into the RFC finding.

6    Further, plaintiff failed to point on any testimony that would alter the ultimate disability

7    determination, had it been properly credited.  Thus, any error in evaluating plaintiff's

8    credibility would be harmless.  *See Molina,* 674 F.3d at 1115.

9         C.  Lay Witness Testimony

10        The ALJ gave Mr. Tagliarino's testimony some weight finding it generally

11   consistent with the record (Tr. 17).  He also noted that while it showed that plaintiff's

12   conditions affected her functional ability, she was still able to attend school and provide

13   some level of care for her parents.  *Id.*  Plaintiff argues that the ALJ improperly

14   discredited the lay witness testimony from plaintiff's husband, Joseph Tagliarino (ECF

15   No. 12, p. 16-18).  This Court disagrees.

16        Pursuant to the relevant federal regulations, in addition to "acceptable medical

17   sources," that is, sources "who can provide evidence to establish an impairment," 20

18   C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members,

19   who are defined as "other non-medical sources" and "other sources" such as nurse

20

21

22

23

24

1   practitioners, therapists and chiropractors, who are considered other medical sources[1], *see*

2   20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-

3   24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR"

4   06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion

5   evidence provided by both types of "other sources," characterized by the Ninth Circuit as

6   lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner,*

7   *supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see*

8   *also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in

9   determining whether or not "a claimant is disabled, an ALJ must consider lay witness

10  testimony concerning a claimant's ability to work." *Stout v. Commissioner*, *Social*

11  *Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*,

12  12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and

13  (e)).

14

15      The Ninth Circuit has characterized lay witness testimony as "competent

16  evidence," noting that an ALJ may not discredit "lay testimony as not supported by

17  medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009)

18  (*citing Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Similar to the rationale

19  that an ALJ may not discredit a plaintiff's testimony as not supported by objective

20  medical evidence once evidence demonstrating an impairment has been provided,

21

22  _____

23      [1] "Other sources" specifically delineated in the relevant federal regulations also
    include "educational personnel," *see* 20 C.F.R. § 404.1513(d)(2), and public and private
24  "social welfare agency personnel," *see* 20 C.F.R. § 404.1513(d)(3).

1   *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton,*

2   *supra*, 799 F.2d at 1407), but may discredit a plaintiff's testimony when it contradicts

3   evidence in the medical record, *see Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.

4   1995) (*citing Allen v. Heckler*, 749 F.3d 577, 579 (9th Cir. 1984)), an ALJ may discredit

5   lay testimony if it conflicts with medical evidence, even though it cannot be rejected as

6   unsupported by the medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.

7   2001) (An ALJ may discount lay testimony that "conflicts with medical evidence")

8   (*citing Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Baylis v. Barnhart*, 427

9   F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a germane

10  reason for discrediting lay testimony) (*citing Lewis, supra*, 236 F.3d at 511); *see also*

11  *Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 111325 at *21 n.4 (D. Or. 2013) (unpublished

12  opinion) ("*Bruce* stands for the proposition that an ALJ cannot discount lay testimony

13  regarding a claimant's symptoms solely because it is *unsupported* by the medical

14  evidence in the record; it does *not* hold *inconsistency* with the medical evidence is not a

15  germane reason to reject lay testimony") (*citing Bruce, supra*, 557 F.3d at 1116), *adopted*

16  *by Wobbe v. Colvin*, 2013 U.S. Dist. LEXIS 110195 at *2 (D. Or. 2013) (unpublished

17  opinion).

18          Despite plaintiff's assertion otherwise, the ALJ did address Mr. Tagliarino's

19  testimony that plaintiff was unable to work while she was attending school (Tr. 17; ECF

20  No. 12, p. 17).  Further, as noted in plaintiff's briefing, the ALJ discredited Mr.

21  Tagliarino's testimony because it was inconsistent with plaintiff's ability to successfully

22  attend school full time and care for her parents (Tr. 17; ECF No. 12, p. 18).  This

1    inconsistency was a germane reason to discount Mr. Tagliarino's testimony.  Thus, the

2    ALJ did not err in his evaluation of the lay witness testimony, or in turn, in his RFC

3    finding.

CONCLUSION

4

5            Based on these reasons and the relevant record, the Court **ORDERS** that this

6    matter be **AFFIRMED**.

7            **JUDGMENT** should be for **DEFENDANT** and the case should be closed.

8    Dated this 15th day of August, 2014.

9

10

11   J. Richard Creatura
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24